UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,<br><br>    Plaintiff,<br><br>v.<br><br>MOORE AND SMITH TREE CARE LLC,<br><br>    Defendant. | Case No. 3:24-cv-00190<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This action concerns a tree trimming dispute previously litigated in Tennessee state court. Pro se Plaintiff Edward Ronny Arnold has filed a complaint against Defendant Moore and Smith Tree Care, LLC (MSTC), asserting claims under 26 U.S.C. § 7206 and 26 C.F.R. § 1.166-1. (Doc. No. 1.) Arnold's claims address a dispute previously litigated in Tennessee courts arising out of tree trimming services provided by MSTC. (*Id.*) MSTC has moved to dismiss Arnold's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted. (Doc. No. 7.) Arnold has responded in opposition (Doc. No. 9), and MSTC has filed a reply (Doc. No. 10). Arnold also filed a sur-reply without seeking the Court's permission to do so. (Doc. No. 11.)

For the reasons that follow, the Magistrate Judge will recommend granting MSTC's motion to dismiss and dismissing this action under Rule 12(b)(1) for lack of subject-matter jurisdiction.

I.       **Relevant Background**

Arnold alleges that, in June 2022, he contracted with MSTC to remove a tree from the front yard of his property at 5036 Suter Drive in Nashville, Tennessee. (Doc. No. 1.) "The contract to remove the one (1) tree was a fixed rate of $2,4000.00 reduced to the amount of $2,350.00 for payment in cash as opposed to a cashier's check." (*Id.* at PageID# 5.) MSTC worked on removing the tree on July 12 and 13, 2022. (Doc. No. 1.) Arnold states that, on July 13, 2022, MSTC "completed cutting sections of the tree and collected the cash amount of $2,350.00" but "left large amount of tree debris in the front yard . . . stating they would return the next day and remove the debris." (*Id.*) On August 3, 2022, "a representative of the Metropolitan Government of Nashville and Davidson County Department of Codes and Building Safety visited [Arnold's] residence[,]" told Arnold that "they received a complaint of the remaining tree debris[,]" and warned Arnold that he had "to remove the tree debris by . . . August 25, 2022[,] or receive a daily fine and possible legal action . . . ." (*Id.*)

Arnold alleges that, on August 4, 2022, MSTC "claimed in a text message [that] the contract reverted from a fixed rate to an hourly rate as it took [them] two (2) days to remove the tree." (*Id.*) MSTC "refused to remove the remaining tree debris until [Arnold] paid an additional $5,000.00 reduced to $2,500.00." (*Id.*) Arnold states that, on August 19, 2022, he "contracted with a[nother] tree removal service to remove the remaining debris . . . at the cost of $500.00." (*Id.*) But, on August 24, 2022, MSTC "removed the remaining tree debris before the contracted tree removal service arrived." (*Id.*)

On August 26, 2022, Arnold filed a complaint against MSTC in Davidson County General Sessions court. (*Id.* at PageID# 5–6; Doc. No. 8-1); *see also Arnold v. Moore & Smith Tree Care, LLC*, No. M2023-00169-COA-R3-CV, 2023 WL 7016845, at *1 (Tenn. Ct. App. Oct. 25, 2023). "Arnold asked the general sessions court 'to rule' that his payment of $2,350 'completed' the

2

contract and that [MSTC's] attempt to increase the amount owed 'violated' the contract." *Arnold*, 2023 WL 7016845, at *1; (*see also* Doc. No. 1, PageID# 6 ("The remedy sought was a statement the contract to remove one tree was paid in full and the defendant was to pay all court costs.")). "The general sessions court entered an order dismissing the case with prejudice and taxing costs to Mr. Arnold. The order simply stated, 'The parties agree that [MSTC] will mark paid in full as to services rendered by [MSTC].'" *Arnold*, 2023 WL 7016845, at *1.

Arnold alleges that MSTC "did not provide a statement the contract was paid in full." (Doc. No. 1, PageID# 6.) Arnold appealed the general sessions court's order to the Davidson County Circuit Court. (Doc. No. 1); *see also Arnold*, 2023 WL 7016845, at *1. MSTC moved to dismiss Arnold's appeal, and the circuit court held a hearing on the motion on February 3, 2023. (Doc. No. 8-2); *see also Arnold*, 2023 WL 7016845, at *1–2. Following the hearing, the circuit court granted MSTC's motion to dismiss, dismissed Arnold's appeal with prejudice, and ordered MSTC "to remove the branch exhibited in the attached photo from the property where it is located" by "February 17, 2023[.]" (Doc. No. 8-2, PageID# 106.) The circuit court also taxed unpaid court costs to MSTC. (*Id.*)

Arnold appealed to the Tennessee Court of Appeals, which affirmed the circuit court's order. *Arnold*, 2023 WL 7016845, at *2, *4. The court of appeals denied Arnold's petition to rehear (Doc. No. 1-2) and the Tennessee Supreme Court denied Arnold's application for permission to appeal (Doc. No. 1-1).

Arnold initiated this action on February 20, 2024, by paying this Court's civil filing fee (Doc. No. 1-3) and filing a complaint against MSTC (Doc. No. 1). Arnold's complaint invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and alleges that MSTC violated 26 U.S.C. § 7206 and 26 C.F.R. § 1.166-1. (Doc. No. 1.) Arnold "seeks a jury trial to determine if the

contract for the removal of one tree was a fixed rate or an hourly rate"; "a written statement the contract amount was a fixed rate of $2,400.00 reduced to the amount of $2,350.00 for payment in cash as opposed to a cashier's check"; and "recovery of all court costs paid." (*Id.* at PageID# 7.)

MSTC appeared (Doc. No. 6) and filed a motion to dismiss Arnold's complaint (Doc. No. 7). It argues that dismissal is warranted under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over Arnold's claims. (Doc. No. 8.) Alternatively, MSTC argues that dismissal is also warranted under Rule 12(b)(6) because Arnold's claims fail on the merits. (*Id.*)

The Court has referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

**II.    Legal Standard**

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[1] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle

---

[1]    For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021)). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

**III.     Analysis**

MSTC's primary argument in support of dismissal is that Arnold cannot establish federal-question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 8.) "Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Id.* at 991. "Whether a cause of action arises under federal law must be apparent from the

5

Case 3:24-cv-00190    Document 16    Filed 02/04/25    Page 5 of 7 PageID #: 240

face of the 'well-pleaded complaint.'" *Id.* at 990 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

Arnold alleges claims against MSTC under 26 U.S.C. § 7206, a federal statute, and 26 C.F.R. § 1.166-1, a federal regulation. (Doc. No. 1.) "Section 7206 is a criminal statute prohibiting fraud and false statements under the Internal Revenue Code and grants no explicit private right of action[.]" *Leggett v. W. Express, Inc.*, Case No. 3:19-cv-00110, 2020 WL 1161974, at *4 (M.D. Tenn. Jan. 6, 2020) (quoting *I-Remiel Azariah: Ibn Yahweh v. Shelby Cnty. Gen. Sessions Ct.*, No. 12-3073, 2014 WL 1689297, at *8 (W.D. Tenn. Apr. 29, 2014)), *report and recommendation adopted*, 2020 WL 1158140 (M.D. Tenn. Mar. 10, 2020) (Campbell, J.). The Supreme Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). The Supreme Court also has held that, while "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, [ ] it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).

Arnold has not presented any argument or authority to support a finding that a private cause of action exists under 26 U.S.C. § 7206 or 26 C.F.R. § 1.166-1. In response to MSTC's jurisdictional arguments, Arnold merely repeats his assertion that this Court has jurisdiction "for determining violations of 26 CFR § 1.166[-]1 . . . [and] 26 U.S.C. § 7206 . . . ." (Doc. No. 9, PageID# 121; *see also id.* at PageID# 128 (arguing that "this court has jurisdiction over" MSTC's actions that allegedly "violat[e] [ ] 26 CFR § 1.166[-]1 . . . and 26 U.S.C. § 7206").) Consequently, Arnold has not identified any federal causes of action or substantial questions of federal law arising out of his complaint. Federal question jurisdiction therefore is not "apparent from the face of the 'well-pleaded complaint.'" *Miller*, 949 F.3d at 990 (quoting *Metro. Life Ins. Co.*, 481 U.S. at 63).

The Court therefore lacks subject-matter jurisdiction over Arnold's complaint and should grant MSTC's motion to dismiss on that basis. In the absence of subject-matter jurisdiction, the Court should decline to consider MSTC's alternative arguments for dismissal under Rule 12(b)(6).

**IV.   Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that MSTC's motion to dismiss (Doc. No. 7) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of February, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge