IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| EDWARD RONNY ARNOLD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:24-cv-00190 |
| MOORE AND SMITH TREE CARE LLC, | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 16). In the Report and Recommendation, the Magistrate Judge recommends that the motion to dismiss filed by Defendant Moore and Smith Tree Care LLC ("MSTC") (Doc. No. 7) be granted. Plaintiff Edward Ronny Arnold ("Plaintiff") filed objections (Doc. No. 17). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

### A. Background

Plaintiff alleges that he contracted with MSTC in June 2022 to remove a tree from his property at 5036 Suter Drive in Nashville, Tennessee. (Doc. No. 1 at PageID # 5). Plaintiff alleges that he paid MSTC $2,350.00 and that MSTC cut sections of the tree but left a large amount of tree debris in his yard. (*Id.*). Plaintiff also alleges that MSTC informed him on August 4, 2022 that the contract reverted from a fixed rate to an hourly rate because it took them 2 days to remove the tree and that MSTC refused to remove the remaining tree debris unless Plaintiff paid an additional $2,500. (*Id.*). Plaintiff alleges that MSTC removed the tree debris on August 24, 2022. (*Id.*)

Plaintiff filed suit against MSTC in state court on August 26, 2022. (*Id.* at PageID # 5-6). That action was dismissed with prejudice. (*Id.* at PageID # 6). Plaintiff appealed, and MSTC moved to dismiss the appeal. (*Id.*). The Davidson County Circuit Court dismissed Plaintiff's appeal with prejudice. Plaintiff appealed, and the Tennessee Court of Appeals affirmed. *Arnold v. Moore & Smith Tree Care, LLC*, No. M2023-00169-COA-R3-CV, 2023 WL 7016845 (Tenn. Ct. App. Oct. 25, 2023). The Court of Appeals denied Plaintiff's petition for rehearing, and the Tennessee Supreme Court denied Plaintiff's application for permission to appeal. (Doc. Nos. 1-1, 1-2).

On February 20, 2024, Plaintiff filed this lawsuit against MSTC and alleges that MSTC violated 26 U.S.C. § 7206 and 26 C.F.R. § 1.166-1. Specifically, Plaintiff "seeks a jury trial to determine if the contract for the removal of one tree was a fixed rate or an hourly rate" ;"a written statement the contract amount was a fixed rate of $2,400.00 reduced to the amount of $2,350.00 for payment in cash as opposed to a cashier's check"; and "recovery of all court costs paid." (*Id.* at PageID# 7.)

MSTC filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the Court lacks subject matter jurisdiction and that Plaintiff's claims fail on the merits.

**B. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge determined that Plaintiff's claims should be dismissed because Plaintiff fails to establish federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, the Magistrate Judge noted that 26 U.S.C. § 7206 "is a criminal statute prohibiting fraud and false statements under the Internal Revenue Code and grants no explicit private right of action." (Report and Recommendation, Doc. No. 16 at 6) (citing *Leggett v. W. Express, Inc.*, Case No. 3:19-cv-00110, 2020 WL 1161974, at *4 (M.D. Tenn. Jan. 6, 2020)). The Magistrate Judge also recognized that "[t]he Supreme Court also has held that, while 'language in a regulation may invoke a private right of action that Congress through statutory text created, it may not create a right that Congress has not.'" (Report and Recommendation, Doc. No. 16 at 6) (citing *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)). The Magistrate Judge determined that Plaintiff failed to demonstrate "that a private cause of action exists under 26 U.S.C. § 7206 or 26 C.F.R. § 1.166-1" and that "[i]n response to MSTC's jurisdictional arguments, Arnold merely repeats his assertion that this Court has jurisdiction 'for determining violations of 26 CFR § 1.166[-]1 . . . [and] 26 U.S.C. § 7206.'" *Id.* (internal citation omitted). The Magistrate Judge ultimately determined that Plaintiff "has not identified any federal causes of action or substantial questions of federal law arising out of his complaint" and that the Court lacks subject matter jurisdiction.

**C. Objections**

On February 11, 2025, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 17). Plaintiff makes the following references to the Report and Recommendation:

The Magistrate misunderstands the defendant, Moore and Smith Tree Care LLC's understanding of Rule 12(b)(1) subject-matter jurisdiction.

The Report and Recommendations of the Honorable Magistrate Alistair E. Newbern to dismiss civil action *Edward Ronny Arnold v Moore and Smith Tree Care LLC* based on the defendant's erroneous interpretation of Rule 12(b)(1) subject-matter jurisdiction is not applicable (Doc. No. 8).

[T]he plaintiff, Edward Ronny Arnold, has not experienced the use of acronyms as presented in the Magistrates Report and Recommendation *Edward Ronny Arnold v Moore and Smith Tree Care LLC* filed February 4, 2025. While acronyms have been used in briefs to the court and opinions of appellate and district courts, acronyms have been used sparingly related to terms clearly understood by the attorneys of record and the reader such as: Americans with Disability Act (ADA), Central Intelligence Agency (CIA), Family Medical Leave Act (FMLA), Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS), and the Social Security Administration (SSA), The plaintiff has not encountered a usage of an acronym for a defendant or a plaintiff as used in the Magistrate's Report and Recommendation Moore and Smith Tree Care LLC (MSTC). This usage clearly presents prejudice against the plaintiff based on the current movement by the state of Tennessee Court Clerk to destroy any all records pertaining to civil action *Edward Ronny Arnold v Moore and Smith Tree Care LLC* 22-C2167 and the Memorandum Opinion of the Appellate Civil Court of Tennessee at Nashville *Edward Ronny Arnold v Moore and Smith Tree Care LLC Edward Ronny Arnold v Moore and Smith Tree Care LLC* [sic] M2023-00169-COA-R3-CV.

The District Court's dismissal of the sur-reply notice is suspect based on the unprecedented usage of acronyms to misidentify the defendant in the Magistrate's Report and Recommendation filed February 4, 2025.

While the defendant, Moore and Smith Tree Care LLC, has presented no evidence the United States District Court for the Middle District of Tennessee at Nashville lacks subject matter jurisdiction under 28 U.S.C. § 1331, it is reasonable to conclude, based on the actions of the Appellate Civil Court of Tennessee at Nashville's Memorandum Opinion and the usage of acronyms to misidentify the defendant in the Magistrate's Report and Recommendation, Chief Judge William L. Campbell Jr. will accept the Report and Recommendation of Magistrate Alistair E. Newbern in its entirety and dismiss any and all claims against the defendant,

4

> Moore and Smith Tree Care LLC, with prejudice. In addition, it is reasonable to conclude the dismissal will be mandated to not be published and reproduced, preserving the court's decision to not accept surreply regarding the Rule 10B section 1.03 violation of the Honorable Judge Lynn Ingram Eighth Circuit Court of Davidson County, Tennessee Twentieth Judicial District.

(*See generally* Doc. No. 17). The Court finds that Plaintiff failed to file any specific objection to the Magistrate Judge's Report and Recommendation. Instead, Plaintiff asserts general and vague allegations that have the same effect as failing to object at all. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report"). "Objections which do not identify an error are meritless." *Parker v. Hankook Tire Mfg. Tennessee, LP,* No. 3:22-CV-00063, 2023 WL 2390672, at *1 (M.D. Tenn. 2023) (internal citations omitted); *Adams v. Yates Servs. Nissan*, No. 3:15-CV-00490, 2016 WL 2607028, at *1 (M.D. Tenn. May 6, 2016) (internal citation omitted) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Accordingly, the Court finds that Plaintiff's objections do not provide a basis to reject or modify the Report and Recommendation and that the Magistrate Judge correctly determined that dismissal of Plaintiff's claims are appropriate. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937

(E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

### III.  CONCLUSION

For the reasons states above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, the Court concludes that Plaintiff's objections are without merit, and that the Report and Recommendation (Doc. No. 16) should be **ADOPTED** and **APPROVED**. Accordingly, the motion to dismiss filed by Defendant Moore and Smith Tree Care LLC (Doc. No. 7) is **GRANTED**.

It is so **ORDERED**.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE